UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
P.O. BOX - 7367
100 S. CLINTON STREET
SYRACUSE NEW-YORK 13261-7367

DECLARATION
SUPPLEMENT
RESPONDED → BOTHS
IFP STATUS & IMMINE
NT DANGER & ALL
OTHER MOTIONS, & RULE
56 & MEMORANDUM OF LAW

RE: CRICHLOW V. ANKUCCI, ET. AL.
9:21 - CV-0692 (DNH/TWD)

"PLAINTIFFS. REQUESTED
A RECONSIDERATION
MOTION RULE 60(B)
UNDER NEW-DISCOVERED
EVIDENCE";

TO BOTHS
HONORABLE's (DAVID N. HURD)(TWD)

OBJECTIONS TO EVERY
PARAGRAPHC - # 1 TO END!"

(1)
PLAINTIFFS MR. KEVIN D. CRICHLOW, PURSUANT
TO 28 U.S.C. §1746, DECLARES UNDER PENALTY OF
PERJURY UNDER THE LAWS OF THE UNITED
STATES OF AMERICA THAT THE FOREGOING is
TRUE AND CORRECT: (1) IM AU PRISONERS AT
DOCCS Adiroudack C.F. ; STILL IM PN ⟶
IMMINENT DANGER BY CONTAMINATED DRINK
& ALSO ALL Building HAS CHRONIC(S) MOLD & ASBESTOS
Fibrous CARCINOGENIC SILICATE MINERAL USE →
FORMERLY "HEAT-RESISTANT MATERIALS & CAUSING
MY LUNGS TO CLOSE PN NOW IM
(1)(SEE ATTACH) HAVING CHRONIC ASTHMA ATTACKS

DIFFICULTY

IN BREATHING ; IM 1-MILE FROM MEDICAL

; ON TOP OF HILL I CANT WALK THAT LONG TO

medical or GO UP ; DOWN STAIR ITS IN MY Folder

BY DEFENDANTS DR. A. ANDOLA "(3); STILL A

YEARS LATER I STILL ALSO REASONABLE ACCOMMODATIVE DEVICE DOXT HAVE HEALTH

FOR HEARINGS; CARE FOR MY CHRONIC ILLNESSES H.I.V.

BROKEN FACE OR JAW ROTTEN TOOTHS

15 YEARS METAL ROD STILL POPPIN

OUT OF TOP PART OF HALID BOTHS

BACK ; HIP DAMAGES ALSO BOTHS

(4) Knees STILL EVEN WHEN I

HAD A HUD HOLD I WAS

MOVE IN VIOLATIONS OF

"5" THOMAS V. TICE, 948, F.3d 133 U.S.

COURT OF APPEALS THIRD CIRCUIT (B)

(B) DEFENDANTS ARE NOT ENTITLED

(2) (SEE-ATTACH) TO QUALIFIED IMMUNITY

COURTS PERSONAL INVOLVEMENT ANALYSIS, THE MAJORITY EXPLICITLY DECLINES TO DETERMINE WHETHER DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ON "THOMAS'S" CONDITIONS CLAIMS BUT BECAUSE, AS EXPLAINED ABOVE, WE CANNOT DETERMINE AS A MATTER OF LAW THAT DEFENDANTS WERE NOT PERSONALLY INVOLVED IN THE CONDITIONS OF "THOMAS'S" DRY CELL, WE MUST ANSWER THIS QUALIFIED IMMUNITY QUESTION. IN SO DOING, OUR PRECEDENT DEMANDS THAT WE RESOLVE THIS ISSUE IN THOMAS'S FAVOR. AS THE MAJORITY NOTE, QUALIFIED IMMUNITY DOES NOT SHIELD A GOVERMENT OFFICIAL WHERE SHE HAS "VIOLATED" A STATUTORY OR CONSTITUTIONAL RIGHT THAT WAS CLEARLY ESTABLISHED AT THE TIME OF THE CHALLENGED CONDUCT." REICHLE V. HOWARDS, 566 U.S. 658, 664, 132 S. CT. 2088, 182 L. Ed. 2d 985 (2012) (CITATIONS OMITTED) AS I VIEW IT, PRECEDENT FROM OUR COURT AND THE SUPREME COURT CLEARLY ESTABLISHES THAT THE CONDITIONS "THOMAS'S FACED IN THE DRY CELL TAKEN TOGETHER VIOLATE THE EIGHTH AMENDMENT. SEE RHODES, 452 U.S. AT. 347. 101 S. CT. 2392 →

(3) (SEE-ATTACH)

CONFINEMENT,

"ALONE, OR IN COMBINATION, MAY DEPRIVE PRIMATES OF THE MINIMAL CIVILIZED MEASURE OF LIFE'S → NECESSITIES") MOST DIRECTLY APPLICABLE IS OUR DECISION IN YOUNG V. QUINLAN, 960 F.2d 351 (3d Cir. 1992). THERE, KENNETH YOUNG A FEDERAL PRIMATE, WAS PLACED IN THE DRY CELL ~~[redacted]~~ LIKE "THOMAS" #146 FOR 96 HOURS. SEE id AT 355 DURING THIS CONFINEMENT. YOUNG WAS NOT ALLOWED TO WASH HIS HAND BEFORE EATING NOR PROVIDED WITH TOILET PAPER UPON DEFECATING SEE id MOREOVER, DURING THE FIRST 29 HOURS OF HIS CONFINEMENT IN THE DRY CELL, YOUNG WAS DENIED PERMISSION TO LEAVE THE DRY CELL TO URINATE OR DEFECATE ; THUS RELIEVED HIM-SELF IN A CORNER OF HIS CELL. SEE id: AFTER THE LOWER COURT GRANTED SUMMARY JUDGMENT FOR THE DEFENDANT PRISON OFFICIALS, WE REVERSED SEE id AT 353. IN RELEVANT PART, WE HELD THAT THE TOTALITY OF CONDITIONS IN THE INMATES CONFINEMENT IN THE DRY CELL VIOLATED THE EIGHTH AMENDMENT SEE id AT 365. IN PARTICULAR WE REASONED: [W]E CANNOT CONDONE DEHUMANIZING TREATMENT SUCH AS WAS ALLEGEDLY GIVEN YOUNG BY [ ] ————→

(4) (SEE-ATTACH)

TO THE DRY CELL RILEY V. JEFFES] 777

F-2d [143,] 148 [(3NY CIR. 1985)] (WHERE PLAINTIFF. COMPLAINT ALLEGES FACTS WHICH, IF PROVEN WOULD ENTITLE PLAINTIFF TO RELIEF UNDER THE EIGHTH AMENDMENT DISMISSAL OF COMPLAINT WAS INAPPROPRIATE). EVEN IF YOUNG WAS PROPERLY CONFINED TO THE DRY CELL, [PRISON] OFFICIALS DO NOT HAVE A LICENCE TO IMPOSE UNCONSTITUTIONAL CONDITIONS UPON HIM. SEE~ I N) RAHAM V. WRIGHT, 430 U.S. 651, 667 [97 S CT. 1401. 51 L.Ed 711][(1977) → (EIGHTH AMENDMENT PROSCRIBES PUNISHMENT GROSSLY DISPORTIONATE TO THE SEVERITY OF THE CRIME). SAMPLE V. D LECKS, 885 F.2d 1099, 1108 (3d CIR. 1989); UNITED V. STATES V. MARTORANO, 866 F.2d 62, 69 (3d CIR. 1989) (6) PLAINTIFF ARGUMENT THAT COMBINATIONS, OF TORTURE & ILL TREATMENT BY PRISON GUARDS & RACIALLY MOTIVATED

(5)(SEE-ATTACH)

RETALIATION, REVENGE FROM ACTION

1983 - CIVIL RIGHTS ACTION "CRICHLOW V. FISHER

ET. AL. 12-CV-7774 (NSR)(AEK) STILL PENDING

UNDER CRICHLOW V. DR. ELLEN DUSSEF ET-AL DKT. NO.

12-CV-7774

AND PATTERNED OF DISCRIMINATIONS BASIC ON

MY SEVERAL HANDICAPP, (1) HL-10 DEAF LEFT $\frac{EAR}{9}$

HL-20 HARD OF HEARING IN RIGHT EAR (2) METAL

ROD POPPING OUT TOP PART OF DOMANE HAND ; (3)

THUMP IS HALF DEAN FROM WRONGFUL OPERATIONS

BY DEFERNANT, DR. KEVIN, (S) UNBERABLE PAINFUL

: WHOLE HAND FINGER ; ARM WEAKEND ; DEFORM

(4) BOTHS EYES GOT CHRONIC BLURRED VISIONS ; Seeing

BLACK STOP SPOT IN AIR ALSO CHRONIC HEADACHES ;

THIS EYES DISABILITY CAUSE ME TO SUFFERER SEVERE

EYE PAIN ; AND SENSITIVITY TO LIGHT ; CHRONIC

PAINFUL IN BOTHS EYE, CAUSE "INTENSIFIED EXPOSURE TO

ALL LIGHT, ; SUN LIGHT IS BLINING ; VERY HURTFUL.

; 15 MONTHS S. HU. OR R.R.U. I BEEN ASK FOR

REASONABLE ACCOMMODATION DARK GLASS SEEING GLASS VERY

DARK ; NIGHT LAMP ; TO TURN OFF LIGHT IN CELL

THAT ON 24 HOUR A DAY 365 DAYS YEARS. I CANOT

(6) (SEE-ATTACH) TELL DAY TIME FROM NIGHT TIME

DISORIENT ; VERY CONFUSEDing DOCCS AT ALL SHU REFUSED TO DIM OVER HEAD LIGHT ; I ALSO GET DOUBLEVISION, [5] BOTHS KNEEZ, ; FEETS

(b) NEED DEVICES TO MOVE AROUND ; CANE BONES IN INHOLE BACK IS OUT OF PLACE ; RIGHT HIP ALL OF ABOVE INTERFER WITH MY DAILY MOVEMENT ; ACTIVITY

ALSO DOCCS 7 FABRICATION MISBEHAVION REPORTS BY DEFENDANTS THAT WRONGFUL CONFINEMENT WAS ALL OVER TURN SEE EXHIBITS (A) (3 ADMINISTRATIVELY REVERSED ON MAY 16.2022 U REPORTS BY DEFENDANTS C.O. MCGILL INCIDENT OF 5.19.2021 OWN ME RESTITUTION $165.99 is $5.00 FOR 3 MISBEHAVION REPORT BEING REVERSED AS RELIEF AS $37.000. RESTITUTION FOR CIVIL RIGHT VIOLATIONS OF THE EIGHTH ; FOURTEENTH AMENDMENT TO U.S. CONS "PROHIBITS CRUEL ; UNUSUAL PUNISHMENT" SEE # 319 F.Supp. 2d 162 KANE V. WINN (D. MASS. 2004) AT A. THE EIGHT & FOURTEENTH AMENDMENT SEE # ROBINSON V. CALIFORNIA, 370 U.S. 660.666, 82 S.CT 1417, 8 L.Ed.2d 758 (1962) THE EIGHTH AMENDMENT HAS LONG BEEN *194 UNDERSTOOD TO PROHIBIT PHYSICAL TORTURE, ALTHOUGH DEFINITION OF "TORTURE"

7) SEE-ATTACH

ARE OBVIUSLY CONTESTED. SEE. ESTELLE V. GAMBLE, 429 U.S. 97, 102 97 S.CT. 285, 50 L.ED. 2d. 251 (CITING WILKERSON V. UTAH, 99 U.S. 130, 136, 25 L.ED 345 (1878), AND IN RE KEMMLER, 136 U.S. 436 447, 10. S.CT 930, 34, L.ED 519 (1890)). (FN143) IT DOES MORE THAN THIS HOWEVER; IT "EMBODIES BROAD AND IDEALISTIC CONCEPTS OF DIGNITY, CIVILIZED STANDARDS, HUMANITY AND DECENCY ...", AGAINST WHICH WE MUST EVALUATE PENAL MEASURES", id (ALTERATION IN ORIGINAL) (QUOTING JACKSON V. BISHOP, 404 F.2d 571, 579 (8TH CIR.1968)). it THEREFORE PROHIBITS PUNISHMENT THAT ARE INCOMPATIBLE WITH "THE EVOLVING → STANDARDS OF DECENCY THAT MARK THE PROGRESS OF A MATURING SOCIETY," TROP V. DULLES, 356 U.S. 86, 101, 78 S.CT. 590, 2 L.ED.2d 630 (1958), (FN44) OR THAT "INVOLVE THE UNNESSARY AND WANTON INFLICTION of PAIN," → GREGG V. GEORGIA, 428 U.S. 153, 173, 96 S.CT. 2009, 49 L.ED.2d 859 (1976) (OPINION OF STEWART, POWELL, & STEVEN, J.). THE SUPREME COURT HAS THUS HELD THAT THE AUTHORITY ADMINISTERING A PRISON MUST PROVIDE ADEQUATE MEDICAL CARE TO INMATE. GAMBLE, 429 U.S. AT 103 97 S.CT. 285 THUS. "DELIBERATE INDIFFERENCE TO THE SERIOUS MEDICAL NEEDS OF PRISONERS" VIOLATES "CONTEMPORARY STANDARDS OF DECENCY AS MANIFESTED IN MODERN LEGISLATION." WHICH PROHIBIT THE "INFLICTION OF... UNNECESSARY SUFFERING" THAT DENIAL (☒)(SEE-ATTACH) OF ADEQUATE MEDICAL CARE WOULD ENTAIL.

THE CONFIRMATIONS OF THIS PRINCIPLE IN COMMON LAW, STATUTES AND MODEL STATUTES). [2] THE "DELIBERATE INDIFFERENCE" STANDARD APPLIES MORE BROADLY TO ACTIONS OR OMISSION THAT CREATE "A SUBSTANTIAL RISK OF SERIOUS HARM TO ANY INMATE," FARMER v. BRENNAN, 511 U.S. 825, 828, 114 S.CT. 1970, 128 L.Ed.2d 811 (1994); SEE HELLING v. MCKINNEY, 509 U.S. 25, 32-33, 113 S.CT. 2475, 125 L.Ed.2d 22 (1993) ( HOLDING THAT THE DELIBERATE INDIFFERENCE" STANDARD APPLIES ~~~~~ TO UNHEALTHY PRISON CONDITIONS, EVEN IF THEY HAVE NOT YET CAUSED HARM ); WILSON v. SEITER, 501 U.S. 294, 303, 111 S.CT. 2321, 115 L.Ed.2d 271 (1991) ( HOLDING THAT THE "DELIBERATE INDIFFERENCE" STANDARD APPLIES EQUALLY TO "INHUMANE CONDITIONS OF CONFINEMENT" AND INADEQUATE MEDICAL CARE ); RHODES v. CHAPMAN, 452 U.S. 337, 347, 101, S.CT 2392, 69 L.Ed.2d 59 (1981) ( "CONDITION OTHER THAN THOSE IN GAMBLE AND HUTTO [V. FINNEY, 437 U.S. 678, 98 S.CT. 2565, 57 L.Ed.2d 522 (1978) ]. ALONE OR IN COMBINATION .... COULD BE CRUEL AND UNUSUAL UNDER THE CONTEMPORARY STANDARDS OF DECENCY WE RECOGNIZED IN GAMBLE." (CITATION OMITTED)). AS THE SUPREME COURT STATED IN DESHANEY v. WINNEBAGO COUNTY DEPARTMENT OF SOCIAL SERVICES, 489, U.S. 9) SEE ATTACH 189, 109 S.CT. 998, 103 L.Ed. 2d.249 (1989):

[WHEN THE STATE] TAKE A PERSON INTO its CUSTODY AND Hold Him THERE AGAINST HIS WILL, THE CONSTITUTION IMPOSES upon IT A CORRESPO NDING DUTY TO ASSUME SOME RESPONSIBILITY FOR HIS SAFETY AND WELL-BEING... THE RATIONA LE FOR THIS PRINCIPLE is Simple ENOUGH: WHEN THE STATE by THE AFFIRMATIVE → EXERCISE OF its POWER SO RESTRAINS AN INDIv idual's Liberty THAT it RENDERS Him UNABLE TO CARE FOR HimSELF, AND AT THE SAME Time Fails TO PROvide FOR His *195 BASIC HUMAN NEEDs --- E.g., Food, CLOTHING, SHELTER, MEDICAL CARE, AND REASONABLE SAFETY -- iT TRANSGRESS Es THE Substantive limits SET ON STATE ACTION SET By THE EiGHTH AMENDMENT ì THE DUE PROCESS Clause.
id AT 199-200, 109 S.CT. 998

(7)  PLAINTIFF, ARGUMENT ì HAS PROOF OF PATTERNED OF THE INTRACORPORATE → CONSPIRACY DOCTRINE CLAIMS THAT ALL DEFENDANT S, CONSPIRED TO RETALIATE against PLAINTIFF FROM PRIORs GRIEVANCES ì CIViL RiGHTs ACTION THAT HAD SEVERAL DEFENDANTS Remove FROM PRIOR POSTs ì A PATTERNING OF FABRICATEDs '' FALSEs MISBEHAVIORs REPORTs THAT LEAD "TORTURE" OVER 509 DAYs OR 16 MONTHs OF SUFFERED AN ATYPICAL ì SiGNiFICANTs HARDSHIPs ì SUFFICIENT TO IMPLICATE A LiBERTY INTEREST I TRY TO Kill my SELF SEVERAL TIME AT EASTERN-C.f ì SOUTHPORT.C.f. DOWNSTATE-C.F.
(10) (SEE-ATTACH)

(8) <u>GOUVERNER. C. F</u> ; <u>ADIRONDACK.CF</u> CAUSE
OF HAVING COVID-19-3 TIME WITH NO
HEALTH CARES AT ALL ; DOCCS AT ALL ABOVE
PRISON(s) COVER UP COVID-19 KILLING ; ILLNESSES
ON SAME LEVEL AS "<u>THE NURSEING Home</u>
DEATH". I STILL DON'T GOT HEALTH CARE
16 MONTHS LATER SINCE BEING WRONGFUL
CONFINEMENTS TO SHU. SEXUAL ASSAULTED AT
SEVERAL DOCCS PRISONS ASSAULT ; ASSAULT
WITH MACES, DENY ALL DUE PROCESS AT ALL
DOCCS HEARINGS BY SAME DEFENDANTS SEE AMEND
COMPLAINT. AT 49) 57) 60)61-63) 67)68)

(9) SEE-EXHIBITS A) B) C) ALL OTHE DUE PROCESS →
HEARINGS SINCE 4.19.21 - 7.11.21 NO REASONABLE
ACCOMODATIONS SEE LETTER FROM DLS TO DOCCS
ALSO ALL HEARING FROM EASTERN N.Y. C.F. WAS
"ADMINISTRATIVELY REVERSED ON MAY.16.22
3 OF THEM. ALSO HAS PROOF THAT ON 4.16.2021
"STATE OF NEW YORK DOCCS RESTRICTIVE/EXTEN
DED RESTRICTIVE HOUSING CUSTODY REVIEW"
SHOW PROOF AT "DATE PLACED IN RESTRICTIVE
EXTENDED RESTRICTIVE HOUSING 4/16/2021
NEXT TO IT IS DATE OF HEARING 4/19/2021
IS THE DATE I WENT TO SHU 1ST FLOOR
B-SIDE 18 CELL. IT 4 OF ABOVE PAGES EXHIBITS
(A) PLAINTIFFS ESTABLISH THAT IN MAY.11.21
THE COMMENCED THIS ACTION 1983 UNDER →

(11) (SEE-ATTACH)

PERTINENT DANGER *v.* PIERSON.
NO. 05-CV-01211-MSK-CBS; 2008 U.S. DIST. LEXIS
24543, AT *9 (D. COLO. MAR. 28. 2008) (UNpublished
(INCARCERATED PERSON COMPLAINING OF INJURY
FROM PROTECTACTED SEGREGATION COULD SEEK
DAMAGES BOTHS FOR DUE PROCESS CLAIM FOR →
SEGREGATION PLACEMENT; CLAIM OF DENIAL
OF ACCESS TO COURT WITH ARGUABLY PRO-longed
THE CONFINEMENT); "COMPARE" LINER *v.* GOORD,
196 F.3d 132, 135 (2N CIR. 1999) (Holding ALLEGED
SEXUAL ASSAULTS "QUALIFY AS PHYSICAL INJURD
ES AS A MATTER OF COMMON SENSE," WITHOUT MUSH
EXPLANATION, ALSO DOE *v.* UNITED STATES, NO.
12-00640 ACK-RLP, 2014) (HOIding THAT COMMON
SENSE AND PUBLIC POLICY DICTATES THAT DOE
SHOULD BE ABLE TO PURSVE MENTAL AND EMOTIONAL
INJURY CLAIMS, ARISING OUT OF [A] SEXUAL ASSAULT"
DESPITE THE ABSENCE OF PHYSICAL FORCE OR →
PHYSICAL INJURY")


(11) PLAINTIFFS ARGUMENTS THAT WITH COMBINATIONS
WITH OTHER ONGOING ABUSE; PATTERNING OF
DENY ALL OF MY HEALTH CARES REPORTS FROM ⬛ OUT
SIDE DOCTOR, OR SPECIALISTS & ALL RECOMMENDED WAS
ALTER BY DOCCS DOCTOR OR N.P. AT ALL PRISONS
" SEE EXHIBIT (C) AT (7-8-9) SEE PAGES (9) AT [A]
"MANY PATIENTS HAVE," NOT RECEIVED REASSESSMENT
OR TREATMENT (9-20) "(B) DOCCS is STILL
DISCONTINUING EFFECTIVE TREATMENT AS A
12 (SEE-ATTACH) PRODUCT OF TRANSFERS OR NON-
MEDICAL REASONS"

(2) NOW SEE Pages 20-24) P (PLAINTIFF Argues THAT I Been WRONGFUL CONFINE & WRONGFUL TRANSFERS AND WOULD LIKE AS SOME RELIEFS TO BE TRANSFERS BACK DOWN BY NEW YORK City PRISON Like Sing-Sing. C.F. CAUSE THEY ONLY MAX IN STATE THAT GOT VAN SERVICE FOR PRISONERS WITH CANE TO MOVE AROUND JAIL, OR "SHAWANGUNK C.F. CAUSE iT FLAT PRISON NO STAIR OR "NEWLY RECOSTITUTED UNIT FOR THE PHYSICALLY DISABLED "(UPD)" SEE EXHIBITS (B) ALSO

(3) SEE Amended-Complaint AT (20-25) (29-31-41-46) 50)-56) 64-81) 83-99)

(4) BROWN V. JOHNSON, 387 F. 3d 1344 (11TH CIR. 2004) (HOLDING THAT INCARCERATED PERSON FACED IMMINENT DANGER WHEN THE PRISON's MEDICAL STAFFS STOPPED TREATING HIS HIV & HEPATITIS, AND HIS MEDICAL CONDITION DECLINED). O'CONNOR V. BACKMAN, 743 F. App'x 373, 376 (11TH CIR. 2018) (PER CURIAM) (UNPUBLISHED) (HOLDING ONGOING GASTROIN TESTINAL ISSUES INVOLVING "SEVERE CRAMPING, CAUSING HIM TO CURL UP IN THE FETAL POSITION WITH CLENCHED FISTS & TEETH AND FORCING HIM TO CRAWL TO AND FROM THE TOILETS, BLOOD STOOL, ACID REFLUX; HEARTBURN, AND SIGNIFICANT WEIGHT LOSS, RESULTING IN A WEIGHT OF 137 POUND ON HIS SIX-FOOT TALL FRAME" SATISFIED THE IMMINENT DANGER REQUIREMENT.

(3) (SEE ATTACH)

5) SEE AMENDED COMPLAINT AT (83-92) AS DOES ALLEGATION OF A TWO-YEAR DELAY IN SURGERY FOR GALLSTONE THAT "COULD LEAD TO AN INFECTION OF HIS GALLBLADDER, THE ERUPTION OF WHICH LIKE APPENDICITIS, COULD BE FATAL") REBERGER V. KOEHN, 683 F.APP'X 607, 607 (9TH CIR. 2017) (UNPUBLISHED) (HOLDING PLAINTIFFS PLAUSIBLY ALLEGED → IMMINENT DANGER" BECAUSE DEFENDANTS CONTINUE TO REFUSE TO GIVE HIM HIS HIV & SEIZURE MEDICATION REGULARY") STINE V. OLIVER, 644 F.APP'X 857, 859 (10TH CIR. 2016) (UNPUBLISHED) (HOLDING ALLEGATION OF FAILUR TO PROVIDE DENTAL CARE FOR INFECTED & ABSCESSED TEETH SHOWED IMMINENT DANGER);
~~AND (6)~~
AMEND COMPLAINT AT (3X6-12)(18) 22 )(29)(71) 75-81(86) TIERNEY V. UNKNOWN DENTIST, 596 F.APP'X 576, 577 (9TH CIR. 2015) (UNPUBLISHED) (HOLDING PLAINTIFFS, ALLEGATION OF "EXTREME AND CONTINUING PAIN, INABILITY TO SLEEP, AND INFECTION OF HIS GUMS" SUFFICIENTLY ALLEGED IMMINENT DANGER NOTWITHSTANDING OFFER OF TOOTH EXTRACTION MCALPHIN V. TONEY, 281 F.3d 709, 710-711 (8TH CIR. 2002) (HOLDING ALLEGATIONS OF A SPREADING MOUTH INFECTION AND A NEED FOR TOOTH EXTRACTIONS SHOWED IMMINENT DANGER]
MCALPHIN V. CORRECT CARE SOLS, L.L.C. NO. 2:17-CV-00093-KGB-JTK, 2018 U.S. DIST. LEXIS 65169 AT *2 (N.D. CAL. MAY. 29. 2014) (UNPUBLISHED) (HOLDING ALLEGATIONS OF "SEVERE
(4) (SEE ATTACH)

PERIODONTITIS COURT SATISFY STANDARD.)

17) PLAINTIFF ARGUMENT I HAD BEEN DIAGNOSED SINCE 2008 WITH "CHRONIC PERIODONTAL DISEASE DKT. 22-3 PAGES 30 OF 47) DOCCS AT ALL PRISONS, REFUSED TO TREAT OR GIVE TEMPORARILY → RELIEVE PAIN. PLAINTIFFS REQUEST A FACE-TO-FACE WITH BOTHS HONORABLE (DNLH/TWD OF " PHYSICAL OR MENTAL EXAMINATION UNDER FEDERAL RULE OF CIVIL PROCEDURE (35"

(18)
THE 15 YEARS SIDE-EFFECT OF CHRONIC PERIODONTAL GUM DISEASE ARE ROTTEN TOOTHS GUM EAT AWAY FROM TOOTH ALL THE WAY TO TOP OF ROOTS its ALWAYS UNBEARABLE PAINFULNESS ; GUM BLEED EVERY NIGHT I WAKE UP WITH BOTHS PUS ; BLOOD FULLY IN MOUTH ; CAN'T DRINK COLD WATER THAT RUSTING OR NOT it HURT I HAVE HALF FINGER BROKEN IN BACK OF MY MOUTH BY MY THROAT it VERY OBVIOUS" ; VERY PAINFUL HEADACHE ; REPEATED INFECTIONS IN BOTHS FACE & JAW SORE ; BONES ARE SO WEAKED THAT MY FACE HAS BEEN BROKEN TWO TIME AND NEVER BEEN FIX BY DOCCS & MY RIGHT SIDE OF FACE IS DEFORM ALWAYS HAS PAINFULNESS. DOCCS ALL THEY WANT TO

(19)
DO CLEARING MY ROTTEN TOOTHS WHEN THEY ALL HAVE TO BE REMOVED & REPLACE. THIS is HOW THEY SAVE MONEY ; DENY HEALTH CARE AT SAME TIME SEE EXHIBITS (BXC) THE AMENDED COMPLAINT

15 (SEE-ATTACH)

20) PLAINTIFFS ARGUMENT ON A MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

FOR FAILURE TO STATE A CLAIM UPON WHICH
RELIEF CAN BE GRANTED, THE COURT MUST ACCEPT
THE FACTUAL ALLEGATION OF THE NON-MOVING PARTY
AS TRUE AND DRAW ALL REASONABLE INFERENCE
IN ITS FAVOR. SEE ASPEX EYEWEAR. INC V.
CLARITI EYEWEAR. INC, NO. 07 CIV. 2373 (DC), 2008
WL 219765 AT *1 (S. DIKAY. JANUARY 24, 2008)
(CITING BERNHEIM V. LITT, 79 F. 3d 318, 321 (2d CIR. 1996
AT THE PLEADING STAGE, THE ISSUE IS NOT
WHETHER A PLAINTIFFS IS LIKELY TO PREVAIL
ULTIMATELY BUT WHETHER THE PLEADING
ALLEGES ENOUGH FACTS TO STATE A CLAIM FOR
RELIEF THAT P'S PLAUSIBLE ON ITS FACE. PATANE
V. CLARK 508 F. 3d 106, 111-12 (2d CIR. 2007)
(QUOTING BELL ATL. CORP, 127 S. CT. AT 1974).

UNDER THESE PRINCIPLES, DEFENDANTS' MOTION
TO DISMISS THE AMEND-COMPLAINT SHOULD BE
DENIED

(21) IN EASTERN. C. F., SOUTHPORT C F., DOWNSTATE-C F.
GOVERNEUR. C. F. & ADIRONDACK C. F. & PRIOR PRISON(S)
MR. CRICHLOW'S HEALTH AND PERSONAL SAFETY WAS
CONFINED HE EXPERIENCED UNSANITARY & UNHYGIENIC
CONDITIONS THAT POSED AN EXCESSIVE RISK TO MY
HEALTH, IN EASTERN C. F. WAS "ROUTINELY
DEPRIVED OF BASIC HYGIENE ITEMS SUCH

16) SEE ATTACH

BLANKETS, FOOD^NO WATER medical & NO CLOTHING
; NO LINENS "ONLY WAS PERMITTED TO SHOWER
OLL HEAT EXTREME FREEZING, NO HEATING
SYSTEM, AMOND-Complaint AT (11 - 14) 21-24)(39)
(41-42) 50) "ONLY WAS PERMITTED TO SHOWER ABOUT SIX
OCCASION, AND WENT 87 DAYS WITH NO CLOTHING
& LINENS WERE NEVER LAUNDERED," PLAINTIFFS
WAS AGAIN DEPRIVED OF BASIC HEALTH & HYGIENE
ITEMS DOCCS DENY me COMMISSION FROM 2013 —
2022 ⬛ MARCH: AS WELL AS CONSISTENT LAUNDRY
SERVICES, AT EASTERN C.F. THE OVERCROWDED &
UNSANITARY LIVING CONDITIONS WAS FURTHER COMPOUNDED
BY RODENT & INSECT INFESTATION. WHERE, AS HERE,

PLAINTIFF HAS ALLEGED SUCH PERVASIVE UNHYGIENIC
CONDITIONS, AN EIGHTH AMENDMENT VIOLATION IS
ESTABLISHED, SEE E.g. FLOURNEY V. SHEAHAN, 1994
WL 605584 AT #5 (L.I.D. Ill. NOV. 2, 1994)(Finding
THAT PRISON(S) ALLEGED LACK OF CLEANING SUPPLIES,
SUBSTANDARD MAINTENANCE, FILTHY CONDITIONS,
FAILURE TO CONTROL THE RODENT AND INSECT
POPULATION, FAILURE TO PROVIDE MORE THAN ONE
ROLL OF TOILET PAPER PER WEEK, AND PRACTICE
OF PROVIDING CLOTHING AND LINEN CHANGES AS
LITTLE AS ONCE PER MONTH " HAVE THE AGGREGATE
EFFECT OF DENYING [PLAINTIFF] THE BASIC
HUMAN NECESSITY OF A MINIMALLY HYGIENIC
LIVING SPACE" AND THESE UNSANITARY
(7)( SEE ATTACH) CONDITIONS FALL BELOW THE

~~(PEDERAL & THE CONSTITUTION).~~

PLAINTIFFS SHOULD BE AFFORDED THE OPPORTUNITY TO CONDUCT SOME DISCOVERY. BECAUSE MR. CRICHLOW HAS ALLEGED SUFFICIENTLY SERIOUS DEPRIVATIONS, HE SHOULD BE AFFORDED THE OPPORTUNITY TO FURTHER DEVELOP THE FACTUAL RECORD.

22) PLAINTIFFS ALLEGATIONS THAT HE RECEIVED INADEQUATE MEDICAL CARE FOLLOWING STAFF ON A INMATE SEXUAL-ASSAULT & ASSAULTS ON → PRISONERS BY STAFFS (AM-COMPL AT 66-68) ¶ 75-82); THEN RAILROAD WITH SERIES OF FABRICATION-MISBEHAVIOR REPORTS EXHIBITS (A) WRONGFUL CONFINEMENTS "DAMAGES FOR WRONGFUL CONFINEMENT SEE Taylor v. STATE OF NEW YORK 191 A.d. 3d 915 (2nd DEPT, 2021) PLAINTIFFS INENT SAME RELIEFS $37,000 TO GO TO MY LAWYER OF MY CHOICE FOR MY CRIMINATAL CASES, ALSO DEFENDANTS VIOLATION SEE →

KALLE v. WININ (D. MASS. 2004) 319 F. Sup?. 2d 162* AT (A) THE EIGHTH AND FOURTEENTH AMEND MENT, ROBINSON v. CALIFORNIA, 370 U.S. 660, 666, 82 S. CT 1417, E. Ed. 2d 758 (1962) THE EIGHTH AMENDMENT HAS LONG BEEN *194 UNDERSTOOD TO PROHIBIT PHYSICAL TORTURE, ALTHOUGH DEFINITION OF "TORTURE" ARE OBVIUSLY CONTESTED. SEE ESTELLE v. GAMBLE '29, U.S. 97 102 97 S. CT. 285, 50 L. Ed. 2d 251

18) (SEE-ATTACH)

OVER

23) SO DUE PROCESS HEARING; DEFENDANTS AT

EASTERN. C. F. KNEW THEY WAS IN VIOLATIONS OF
TWO FEDERALS LAWS; BEEN DOING SO FOR
A PATTERNED OF YEARS FOR DELAYING PLAINTIFF
REASONABLE ACCOMMODATIONS AT DUE PROCESS
; OTHER PROGRAMS AREA; BY NOT ISSUEING HIS
LIFE-SUSTAIN MEDS FOR HIS H. I.V.; BOOST
AMEND-COMPLAINT AT (23)(26-27)(31-33)(36-40)(45)
(50-52)(57)(59)(62-64)(72)(74-84)

(24) PLAINTIFFS POINTS TO CASES LAWS TO SHOWS RELIEFS
HARRIS v. THIGPEN, 941 F.2d 1495. 1508.
(11TH CIR. 1991)(8) SEE a SMITH v. CARPENTER, 316 F.3d
178 (2nd CIR. 2003)(JURY WAS FREE TO CONSIDER
ABSENCE OF CONCRETE MEDICAL INJURY TO PRISONERS
AS RELEVANT FACTOR IN DETERMINING WHETHER
ALLEGED DEPRIVATION OF HIS H. I.V. MEDICATION
FOR SEVERAL DAYS ON TWO OCCASIONS WAS
SUFFICIENTLY SERIOUS TO IMPLICATE DELIBER
ATE INDIFFERENCE), SEE Need GATES v FORDICE 1999
WL 33537206 (N.D.MISS. 1999)(GRANTING →
PRELIMINARY INJUNCTION ORDER PER THAT THE
NIH GUIDLINES BE FOLLOWED UNLESS
THERE WAS GOOD REASON IN AN INDIVIDUAL CASE NOT
TO DO SO) SEE E. g. GOMEZ v. U.S., 899 F.2d
1124 (11TH CIR. 1990) ALEXA FREEMAN, NATIONAL
LAWYERS GUILD AID NETWORK, AIDS AND PRISONS,
IN Aids PRACTICE MANUAL: A LEGAL AND
(19) (SEE ATTACHD EDUCATIONAL GUIDE 314.5- →

(PLAINTIFFS) ... JAIL V.

BLANCHETTE, 144 F. SUPP. 3d. 282 (D. CONN. 2015)(

FINDING THAT NOT REINSTATING PLAINTIFFS, AIDS/
HIV MEDICATION AFTER AN ILL TERRUPTION,
ONCE HIS VIRAL LOAD INCREASED TO A DANGER-
OUS LEVEL, MADE HIM SUSCEPTIBLE TO DISEASES
& INFECTIONS, i CAUSED NEGATIVE PHYSICAL SIDE
EFFECTS) is SUFFICIENT TO SHOW A GENUINE
ISSUE OF FACT AS TO CLAIM OF DELIBERATE-
INDIFFERENCE) " NOLLEY V. COUNTY OF ERIE,
776 F. SUPP 715 (W.D. N.Y. 1991)

"(25)
UNDER. A.D.A (10) UNDER THIS GUIDANCE OF " YESKE/v.
GEORGIA", COURT HAVE CONSISTENTLY EXTENDED THE
PROTECTION OF TITLE II OF THE A.D.A. TO
DISABLED PRISONER, INCLUDING WITH AID i
OR HIV "(11) IN DOING SO, THE COURT HAVE EXPLAI-
NED THAT PRISONER (" HAVE THE SAME INTEREST
IN ACCESS TO THE PROGRAMS, SERVICES, AND ACT.VI
TIES AVAILABLE TO THE OTHER INMATE OF THEIR
PRISONS AS DISABLED PEOPLE ON THE OUT-
SIDE HAVE TO THE COUNTERPART PROGRAMS,
SEVICES, i ACTIVITIES AVAILABLE FREE PEOPLE "(12)
SEE #(1) RIGHTS OF PRISONER § 4: 27 (5TH ED) SEPT. 2020
UPDATE (CH-4) 8TH AMENDMENT MEDICAL CARE (E)
DIABILITIES ACT, ...

(26) PLAINTIFFS, ARGUE THAT BY HIM BEING "CHRONIC"
H.I.V-POSITIVE VERY WEAKEade IMMUNE
201( SEE ATTACH) SYSTEM i OTHER CHRONIC ILLNESSES

AND WITH OTHER DISABILITY — AND
BECAUSE MY HIV INFECTIONS; OTHER ILLNESS
CAUSE CHRONIC; UNBEARABLE PAINFUL SUBSTANTIA
ALLY LIMITED MY ABILITY TO MOVE AROUND;
SIT OR STAND OR WALK AROUND OR LONG DISTANCE
WITHOUT FAILING. DOCCS REFUSED TO DECIDE
BECAUSE THEY JUST WENT ALL THE FEDERAL
FUNDING FOR THE GHOST PROGRAMS THAT
FALSES; DISABILITY PRISONER ARE
FORCE TO PROGRAMS, I ALWAYS REFUSED
CAUSE PRIOR SENTENCE ON DOCCS RECORD SHOW
I CAN'T PROGRAMS DOCCS DISCRIMINATED
AGAINST ME FOR 15 YEARS; ALWAYS WRITING
FALSE MISBEHAVIORS REPORT, CAUSE THEY JUST
AFTER MY ENRICHMENT; POLICY TELL DOCTOR
THAT EVERYBODY GOT TO PROGRAMS EVEN ⟶
HANDICAPP

(27) ON THE OUT-SIDE I GET S.S.I.A OR SSDA OR
PUBLIC ASSISTANT; I DON'T WORK, BUT DOCCS
TELL ALL HANDICAPPS PROGRAM OR YOU'LL
DON'T GO HOME ON YOUR C.R. DATE
THEY SAY THEY KEEP YOU'LL INTO YOU'LL
MAX-OUT. 29 U.S.C § 705 (20)(D)
DOE v. COUGHLIN 71 N.Y.2d 48 61,
518 N.E. 2d. 536, 544, 523, N.Y.S. 2d 782,
790, (1987) (REVIEWING SPECIFIC PROGRAM
REQUIRMENT BEFORE DECIDING THAT ALL
H.I.V.-POSITIVE INCARCERATED PERSON WAS
(21) SEE-ATTACH)

REVISION PROGRAM BECAUSE THE PROGRAM REQUIRED APPLICANTS TO BE FREE OF COMMUNICABLE DISEASES).

(27) "A LAW THROUGH REGULATIONS, THE REGULATIONS, HAVE "CONTROLLING WEIGHT UNLESS THEY ARE ARBITRARY, CAPRICIOUS," OR ARE CLEARLY CONTRARY TO THE LAW AS WRITTEN BY CONGRESS") CLARKSON v. COUGHLIN 898 F. supp. 1019, 1050-1051 (S.D.N.Y. 1995) (Finding THAT TRANSFERRING INCARCERATED PEOPLE FROM FACILITY WITH APPROPRIATE ACCOMMODATIONS EVEN FOR "DISCIPLINARY, SAFETY, AND/OR MEDICAL REASONS", VIOLATES BOTH THE A.D.A. SECTION-504)" SEE (AM-COMP) 1 AT (87-94)

"KIMAN v. N.H DEPT. OF CORR., 451 FIED 274, 286-288 (1ST CIR. 2006)( Holding THAT DENIAL OF ACCESS TO A SHOWER CHAIR, AS WELL AS OTHER NECESSARY ACCOMMODATIONS, TO PROVIDE THE 8 INCARCERATED PERSON WITH DISABILITIES RAISED AN ISSUE OF MATERIAL FACT REGARDING DEFENDANTS FAILURE TO PROVIDE THE INCARCERATION PERSON WITH REASONABLE ACCOMMODATIONS, AS REQUIRED BY THE A.D.A.); (GRANT V. SCHUMANN, NO. 96-3760, 1998 U.S. APP. LEXIS 16852 AT #4, 7-8 (7TH CIR. JULY 16. 1998) (UNPUBLISHED) (ALLOWING AN INCARCERATED PERSON WITH PARALYSIS

(22) SEE ATTACH )

ALL ~~~~~~~ A.D.A CLAIM REGARDING LACK OF HAND WITH
Rails IN TOILET AND SHOWER AREA),
CLANKSON V. COUGHLIN, 898 F.SUPP. 1019, 1034 1042 -
1043 (S.D.N.Y. 1995) (HOLDING THAT BY FILING TO
PROVIDE QUALIFIED INTERPETER OR OTHER ASSISTIVE
DEVICES NECESSARY For MEDICAL & MENTAL
HEALTH TREATMENT, THE ~~DEFENDANT~~ DEPARTMENT
OF CORRECTIONS AND PRISON-OFFICIALS VIOLATED
DEAF ILLCARCERATED PEOPLES 14TH AMENDMENT
SUBSTANTIVE DUE PROCESS RIGHT AND CONSTITUT-
IONAL RIGHT TO PRIVACY, AND THE 8TH Amendments
BAN ON CRUEL AND UNUSUAL PUNISHMENT.)
172. 28 C.F.R § 35. 104 (2020) SEE. E.g SAUNDERS V.
HORN, 960 F. SUPP. 893 901 (E.D.PA. 1997) (Finding
THAT AN ILLCARCERATED PERSON WITH DEGENERATIVE
Disk Disorder STATED A Claim UNDER SECTION
504 AND THE A.D.A 28 C.F.R. § 35.108(B)(3)(C)
(2020) 28 C.F.R.§ 35. 108(C)(2020) SEE EXHIBITS (B) LAST 5)
☑ PAGES SHOW PROOF OF MULTIPLE HANDICAPP(S) DOCCS
SAY THEY OR NOT HANDICAPP ALSO MY DEAF HL-10 :
HL-20 HARD OF HEARING NO REASONABLE ACCOMMODATIONS
IN OVER 14 MONTHS 427DAYS : (28) "HOWEVER",
IN A 2005 ("DECPSION") ⟶
23 (SEE ATTACH

THE NEW YORK DEPARTMENT OF CORRECTIONAL
SERVICE ("DOCCS") [21] SAID IT WOULD STOP
REQUIRING INCARCERATED PEOPLE TO FILE THEIR
A.D.A. CLAIMS, WITH THE DOJ BEFORE BRING
SUITS IN FEDERAL COURT. 212. ROSARIO V. COORD,
400 F.3d 108, 109 (2ND CIR. 2005)(PER-CURIAM) →
(STATING THAT DOCCS DOES NOT INTEND TO
CHALLENGE A.D.A LAWSUIT ON THE GRAND
THAT ADMINISTRATIVE REMEDIES HAVE
NOT BEEN EXHAUSTED BECAUSE COMPLAINTS
WERE NOT FIRST FILED WITH THE DOJ)
(UN)PUBLISHED) PACE V. BOGALUSA CITY SCH-BD,
403 F.3d 272, 277 W. 14 [5TH CIR. 2005]; THOMPSON
V. COLORADO, 278 F.3d 1020, 1034 (10TH CIR. 2001)
(HOLDING THAT TITLE II CANNOT BE FOUND TO
BE A PROPORTIONAL TO CONSTITUTIONAL RESPONSE
TO CONSTITUTIONAL VIOLATIONS
if CONGRESS HAS NOT IDENTIFIED A
HISTORY & PATTERN OF UNCONSTITUTIONAL →
DISCRIMINATION BY THE STATES); "THE
SECOND CIRCUIT HAS RULED THAT INDIVIDUAL
MAY NOT RECEIVED MONEY DAMAGES UNDER
24) (SEE-ATTACH) CAN SHOW THAT THE STATE ACTED
TITLE II OF THE A.D.A. UNLESS THEY
WITH DISCRIMINATORY ANIMUS

DISABLED. SEE e GARCIA v. STATE UNIV, OF N.Y. HEALTH SCI'S CTR. OF BROOKLYN. 280 F.3d 98, 111 (2d. Cir. 2001) THE SIXTH CIRCUIT HAS ALLOWED MONEY DAMAGES AGAINST THE STATE UNDER TITLE II ONLY IF THE DISCRIMINATION AMOUNTED TO A Violation OF AN INDIVIDUALS DUE PROCESS RIGHTS UNDER THE 14TH Amendments FROM (-1-11) HUMAN RIGHT GUARANTEE SINCE UNITED STATES V. GEORGIA, A NUMBER OF COURTS HAVE ALLOWED INCARCERATED PEOPLE TO SUE FOR MONEY DAMAGES WHEN THEY ESTABLISH BOTH THAT (1) THE STATE PRISON SYSTEM Violation TITLE II OF THE A.D.A AND (2) THE ACTIONS OF THE STATE - PRISON SYSTEM Violation INCARCERA Tted PEOPLEs 14TH Amendment Rights "DEGRAFINO REID V. Ricks 417 F.Supp. 2d 403, 411 - 413 → (S.D.N.Y. 2006) (RULING THAT AN INCARCERATED PERSON COULD BRING A CLAIM FOR MONEY DAMAGES AGAINST HIS PRISON SYSTEM FOR CONFISCATING i DESTROYING His HEALING AID: THE PRISONS ACTIONS THE INCARCERATED PERSONS might HAVE VIOLATED THE 8TH Amendment RIGHT TO BE FREE - FROM CRUEL i UNUSUAL PUNISHMENT) SEE Annexed - COMPLAINT AT PAGES (5) PRELIMINARY STATEMENT 2 ) (SEE-ATTACH) PARAO (-1-9) CIVIL ACTIONS ARISING UNDER ACT OF

CONGRESS —[9][B][1][2] PARAG (9-19) pages

AT PARAG (16-33) AT (6) PAGES (11) AT (18-19)

(AM COPL) - AT (28-29) (32-33) (37-39) (40)

45 - 46) 47) (49) (50 - 51) (52 - 55) (57 - 66)

(70 - 72) (74 - 88) SEE # EXHIBITS (A) OF ABOVE

ACTION TO END SHOW PROOF OF UNLAWFUL ABUSE ;

PATTERNED OF TORTURE... ALSO SEE FEDERAL →

RECORDS OF SAME FEDERAL LAWS VIOLATIONS

CRICHLOW V. ALKWVCCI NO. 18 CIV. 3222 (PMH) ALSO

CRICHLOW V. FISCHER 15-CV-6252 (EAW) GO BACK

INTO 2008 ALSO SEE CRICHLOW V. DR. E. YOUSSEF ET.AL.

12-CV-7774 (NSR) (AEK) PLAINTIFF ARGUES

ITS 15 YEARS OF SAME CRIME IN VIOLATION OF

18 U.S.C § 1960-1967 (G) THE CIVIL PROVISIONS

OF RICO "CREATE[ ]A PRIVATE RIGHT OF ACTION FOR

INDIVIDUAL TO ENFORE THE RICO STATUTE." MATTHEW V.

FELDSTEIN, 303 F. supp. 2d 317, 322 (E.D. N. Y. 2004).

THE CIVIL ENFORCEMENT PROVISION OF RICO PROVIDS

THAT "[A]NY PERSON INJURED IN HIS BUSINESS OR

PROPERTY BY REASON OF A VIOLATION OF [18.U.S.C.§

1962]... MAY SUE... IN ANY APPROPRIATE

UNITED STATES DISTRICT COURT AND SHALL

26) (SEE-ATTACH) RECOVER THREEFOLD THE →

... IN ORDER TO STATE A VIOLATION OF § 1962, AND THUS, A CIVIL RICO ENFORCEMENT CLAIM, A PLAINTIFF must ALLEGES FACTS SHOWING: "(1) THAT THE DEFENDANTS (2) THROUGH THE COMMISSION OF TWO OR MORE ACTS SEE # PAGES 26 OF PRIOR PAGES SHOW PROOF OF PATTERNED OF A.DIA AND T.R.A. medical Abuses FOR 15 YEARS (3) CONSTITUTING A "PATTERN" PRIOR CIVIL RIGHT ACTIONS PAGES 26 OF THIS ACTION'S (4) OF RACKETEERING ACTIVITY' OTHER FEDERAL LAWS SUITS ON LATEST TABLET AND MY CASES (5) DIRECTLY OR INDIRECTLY INVESTS IN OR MAINTAINS AN INTEREST IN, OR PARTICIPATES, PLAINTIFFS ARGUES ALL OF MY DUE PROCESS HEARING WITH OUT MY REASONABLE ACCOMMODATIONS I JUST HAD A HEARING ON 6.29.22 & 7.11.22 NO HEARING AIDS OR OTHER ACCOMMODATION ALSO (6) DOCCS IS ENTERISE (7) THE ACTIVITIES OF WHICH AFFECT INTERSTATE OR FOREIGN COMMERCE DOCCS HAS 50 OR 67 PRISONS(S) AROUND STATE OF N.Y. & SHELL DOCCS ITEMS ON STOCK EXCHANGE "WORCRAFT" IT MOSS V. MORGAN STANLEY INC 719 F.2d 5, 17 (2N CIR. 1983) (QUOTING §1962(A)-(C)). HE MUST ALSO ''ALLEGE THAT HE 'INJURED IN 'HIS BUSINESS OR PROPERTY by REASON OF A 27) VIOLATION OF SECTION 1962" (SEE ATTACH)

( ___ ___ ___ ___ ___ ___ ___ ___ ___ ORIGINAL ), TO STATE

A CIVIL RICO CONSPIRACY CLAIM UNDER § 1962(d)
A PLAINTIFFs MUST ALLEGES FACTS SHOWING THAT THE
DEFENDANTS "AGREED TO FORM AND ASSOCIATE →
THEMSELVES WITH A RICO ENTERPRISE AND THAT THEY
AGREED TO COMMIT TWO PREDICATE ACTs IN
FURTHERANCE OF A PATTERN OF RACKETEERING ACTIVITY
IN CONNECTION WITH THE ENTERPRISE," COFACREDIT,
S.A. V. WINDSOR Plumbing SUPPLY CO. 187.
F.3d 229, 244 (2d Cir. 1999)). A PLAINTIFFS MUST
ALSO SHOW THAT "IF THE AGREED-UPON PREDICATE
ACTs HAS BEEN CARRIED OUT, THEY WOULD HAVE A
PATTERN OF RACKETEERING ACTIVITY" Id. AT 244-45.
SEE # A)B)C)D) itS SHOW PROOF OF ONGOING EXISTENCE AND
PATTERNED OF DOCS POLICYs THAT ALL OF THEY POLICYs
ARE CORRUPTs § AMENDED-COMPLAINTs PAGES (1-90) § →
EXHBNS (A [1-47) M† PRIOR CIVIL RIGHTS ACTIONS
SHOW PROOFS OF PATTERNING OF RICO CONSPIRACY I
BEEN IN S.H.U FOR 509 D†Ys OR 16 MONTHS
OF SUFFERING AN ATYPICAL § SIGNIFICANT →
HARDSHIPS § SUFFICIENT TO IMPLICATE A Liberty
INTEREST IM HEARING VIOCE seeing DEAD PEOPLEs
OUT-SIDE IN REC DEN IM TALKING TO M†-SELF
28)(SEE-ATTACH) OUT LOUD § RESPONDING BACK

me LIKE A Dog ON A SHACKLED WITH HANDCUFF
WAIST CHAINS ¿ LEG CHAINS ; WITH MY BACK
¿ HIP INJUNT ; HAND ¿ FOOT ¿ I WALK
WITH A CANE ITS LIKE 1619 ALL OVER AGAIN
I GOING CRAZY ¿ OMH JUST COVER UP.
SEXUAL ABUSES FROM C.O. COOK ¿ CAUSE TO
MY CELL ON 6.24.22 ¿ 7.15.22 WITH
SAME C.O. COOK C.O. BUSSTETENT BOTH GOT
PREA COMPLAINT AGAINST THEY THERE EVERY
DAY...

#22) PLAINTIFFS ALLEGES SERIES MISCONDUCTS
OR PATTERNED OF DISCRIMINATION. BASES ON
MY HANDICAPPS¡ ¿ A.D.A ¡ F.R.A ¿ DUE PROCESS
RIGHTS ASSOCIATED THE CONTINUING VIOLATION
DOCTRINE APPLIES TO EIGHTH. AMENDMENT
CLAIMS FOR DELIBERATE INDIFFERENCE TO
SERIOUS medical NEEDS. SEE SHOMO, 579 F.3d
AT 182 ( THE CONTINUING VIOLATION DOCTRINE
CAN APPLY WHEN A PRISONER CHALLENGES
A SERIES OF ACTS THAT TOGETHER COMPRISE
AN EIGHTH AmenNment CLAIM OF
29) SEE-ATTACHS

OF _____ INDIFFERENCE TO SERIOUS MEDICAL Needs" PLAINTIFF RAISES A NUMBER CLAIMS THAT HE WAS DAILY DEZIRED ADEQUATE MEDICAL & DENTAL TREATMENT WHICH TAKEN TOGETHER, COULD COMPRISE AN EIGHTH AMENDMENT CLAIM FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL Needs. PLAINTIFF ALSO Complains OF ONGOING DEPRIVATIONS OF ADEQUATE A.D.A. ACCOMMODATIONS & FUUV ; ACCESS TO DRINK WATER TO SHOWER & LAUNVRY & BODY GOT TOXIN RASHING OVER RED ALL SPOT SIZE OF OF MAPS ; PRISON OFFICIALS EIGHTH AMENDMENT OBLIGATION REQUIRE THAT THEY "ENSURE THAT INMATES RECEIVED ADEQUATE FOOD SHELTER, & MEDICAL CARE ... " FARMER V. BRENNAN 511 U.S. 825 833 (1994) ALSO SEE FARISCH V. UNIV OF MINN 304 F.3d 797 802 (8TH CIR. 2002) (Holding THAT MINNESOTA'S SIX-YEARS PERSONAL INJURY STATUE OF LIMITATIONS SHOULD BE USED FOR REHABILITATION ACT SUITS ; SEE E.g. RANDOLPH V. Rodgers 253 F.3d 342 (8TH CIR. 2001) (NOTING THAT "A PRIVATE PARTY MAY SEEK PROSPECTIVE INJUNCTIVE RELIEFS FEDERAL COURT AGAINST A STATE OFFICIAL EVEN IF 30) (SEE ATTACH THE STATE IS OTHERWISE ⟶

IMMUNITY

"EX PARTE ~DUNN, 209. U.S. 123. 28 S.CT 441 52 L. Ed 274 (1908) WOLSKY V. MED- COLL. OF HAMPTON Rds 1 F.3d 222, 223 - 224 - (4TH CIR. 1993) (Holding THAT THE STATUE OF LIMITATION, FOR THE MOST SIMILAR STATE SHOULD BE APPLIED TO REHABILITATION ACT SUIT), HOWEVER, IN ADDRESSING THE LACK OF UNIFORM- ITY AMONG THE STATE AND THE DIFFICULTY IN IDENTIFYING THE MOST SIMILAR STATE STATUE, CONGRESS ENACTED A FOUR YEARS STATUTE OF LIMITATION FOR CASE OF ACTION, "Arising under ANY ACT OF CONGRESS ENACTED AFTER DECEMBER 1.1990 "28 U.S.C. §1658 WHILE TITLE II AND SECTION 504 WERE ENACTED BEFORE DECEMBER 1990 - POST - 1990 Amendments HAVE BEEN made TO THE STATUTE OF LIMITATION TO APPLY FRAME V. CITY OF ARLINGTON, 657 F.3d 215, 236 - 237 (5TH CIR. 2011) FOR SECTION 1658 TO APPLY, YOU MUST DETERMINE WHETHER THE POST - 1990 ENACTMENT CREATES "A NEW - RIGHT" OR NEW RIGHTS OF ~~DATE~~ ~~THIS DATE~~ 31 X SEE-ATTACH ] ~~POSSIBLE~~ ACTION AND CORRESPONDING

FACILITIES OR IF YOUR CLAIM "WAS
MADE POSSIBLE BY A POST-1990 ENACTMENT."
JUNE V. R.R. DONNELLEY & SON'S CO., 541 U.S.
369, 381-382. 124 S.CT 1836, 1844-1845,
158, L.Ed. 2d 645, 656-657 (2004) SEE
AMEND COMPLAINT AT PAGES 5 PRELIMINARY STATEMENT
PARAG (-1-9) CIVIL ACTION ARISING UNDER ACT
OF CONGRESS A)B)182)

PLAINTIFFS ARGUMENTS UNDER THE FALSE CLAIMS
ACT; BY PLAINTIFFS BEING A FEDERAL WHISTLE-
BLOWER HAS THE POWER TO SUE COMPANIES OR
DOCCS ON WHICH ALLOWS ON THE GOVERNMENT,
BEHALF TO RECOVER TAXPAYER FUNDS PAID
OUT BASED ON FRAUDULENT CLAIMS ALSO SEE
EXHIBITS FROM PLS# ; THE DEPARTMENT MT
INTERVENE IN SUCH CASES AFTER AN INVESTIGATION,
OR OPT AGAINST DOING SO, ALLOWING THE WHISTLE-
BLOWER TO PURSUE THE CASE. WHISTLEBLOWER
ARE ENTITLED TO A CUT OF ANY RECOVERY
SEEE U.S. EX REL. BORZILLERI V. BAYER HEALTHCARE
PHARMACEUTICALS INC. 1ST, U.S. CIRCUIT COURT
OF APPEALS NO.20 B-1066.. PLAINTIFFS ARGUES
MONELL V. DEPARTMENT OF SOCIAL SERVICE
OF CITY OF N.Y. JUNE 6: 1978
32) SEE-ATTACH

[3][4] OUR ANALYSIS OF THE LEGISLATIVE HISTORY OF THE CIVIL RIGHTS ACT OF 1871 →

COMPELS THE CONCLUSION THAT CONGRESS DID INTEND MUNICIPALITIES ¡ OTHER LOCAL GOVERNMENT UNITS TO BE INCLUDED AMONG THOSE PERSONS TO WHOM $1983 APPLIES 54 LOCAL GOVERNING Bodies, 55 THEREFORE, CAN BE SUED DIRECTLY UNDER $1983 FOR MONETARY, DECLARATORY, OR INJUNCTIVE RELIEF WHERE, AS HERE THE ACTION THAT IS ALLEGED TO BE UNCONSTITUTIONAL IMPLEMENT, ***2036 OR EXECUTES A POLICY → STATEMENTS, ORDINANCE, REGULATION, OR DECISION OFFICIALLY ADOPTED ¡ PROMULGATED by THAT boDys OFFICERS, MOREOVER, ALTHOUGHT THE TOUCHSTONE OF THE $1983 ACTION AGAINST A GOVERNMENT boDy IS AN ALLEGATION THAT OFFICIAL POLICY IS RESPONSIBLE FOR A DEPRIVATION OF RIGHTS, PROTECTED BY THE CONSTITUTION, LOCAL GOVERNMENTS, LIKE EVERY OTHER $1983 "PERSON", By THE VERY TERMS OF THE STATUTE, MAY BE SUE FOR FOR CONSTITUTIONAL *691 DEPRIVATION VISITED PURSUANT TO GOVERNMENT "CUSTOM", EVEN THOUGH SUCH CUSTOM HAS NOT RECEIVED FORMAL APPROVAL THROUGH THE boDys OFFICIAL DECISIONMAKING CHANNELS.

33) (SEE - ATTACH)

JUSTICE MARLAN, WRITING FOR THE COURT, SAID IN ADICKS V. S.H. KRESS; CO, 398 U.S. 144, 167-168, 90 S.CT. 1598, 1673, 26, L.Ed. 2d 142. (1970) 18. U.S.C.A. 242 CURRENTNESS PARAG (1-13) SEE 3 242 DEPRIVATION OF RIGHTS UNDER COLOR OF LAW "RICCIUTI V. N.Y.C TRANSIT AUTH 124 F. 3d 123, 130 (2d CIR. 199)c

FAIR TRIAL

PLAINTIFFS ARGUEMENTS COME CROSS NEWLY DISCOVERY EVIDENCE; IT WILL INTERESTS. THE COURT; OPEN DOOR FOR NEW ISSUES NEVERS; IS VERY REVEALED LITIGATIONS BY PRISONERS BEFORE; TO FUTURE PROCESS OF THIS ACTION .... SEE "COLLETTS V. ST-LUKES ROOSEVELT HOSP S. D.N.Y. FEB. 26. 2001) 132 F.SUPP. 2d 256 144 Lab. C AS P. 59, 137 17 IER CASE 706 AT #259 11. PRIOR PROCESSING PARAG (8-10) THE RETALIATION CLAIM WAS BASED SOLELY ON PLAINTIFFS "DISCOLOSTERE OF UNLAWFUL ACTION TO THE AMERICAN COUNCIL FOR CONTINUING EDUCATION" (id. EX 211 13-19). LEGAL BASIS OF THE CLAIM WAS NEW YORKS WHISTLEBLOWER ACT, WHICH PROVIDED IN PERTINENT PANT. (2> A) DISCLOSE, OR THREATENS, TO DISCLOSE TO A SUPERVISOR ONTO A PUBLIC. 34) SEE-ATTACH) BODY AN ACTIVITY POLICY OR

PRACTICE OF THE EMPLOYER THAT

VIOLATION OF LAW, RULE, OR REGULATION WHICH →

VIOLATION CREATES & PRESENTS A SUBSTANTIAL & SPECIFIC DANGER TO THE PUBLIC HEALTH OR SAFTEY...

PLAINTIFFS ARGUES DOCCS PATTERNING OF DISCRIMINATIONS, AT ALL DOCCS PRISONS & AS WELL AS ADIRONDACK C.F. GOUVERNER C.F. & SOUTHPORT C.T & DOWNSTATE C.F ARE NOT PART OF THE REASONABLE ACCOMODATION & E.C.F. ALL VIOLATIONS OF "CLARKSON V. GOORD 91 CIV.1792 (RWS) IS A CLASS ACTION LAWSUIT THAT OPEN DOOR FOR ALL HANDICAPP & ITS WAS BROUGHT ON BEHALF OF PRISONERS WHO ARE DEAF & HARD OF HEARING & VISION IMPAIRMENTS ALSO CONCERNING THE PROVISION OF REASONABLE ACCOMODATION TO THESE PRISONERS & FUTURE PRISONER & PLAINTIFFS CLASS AND THE DEFENDANTS → (PRISON OFFICIALS) WERE ABLE TO REACH AN AGREEMENT IN THIS CASE... WHICH THE COURT ORDERED ON JUNE.6.1996. IN THE CLARKSON CONSENT JUDGMENT." THE COURT ORDERED DOCCS TO PROVIDE REASONABLE ACCOMODATION TO DEAF AND HARD OF HEARING PRISONERS IN ALL OF IT. PRISONS AS "REQUIRED BY TWO FEDERAL LAWS. THE AMERICANS WITH DISABILITIES ACT AND THE →

35) (SEE-ATTACH REHABILITATION ACT." SEE →

"SP... REPORTS EXHIBIT @ SHOW PROOF

THAT DOCCS DON'T FOLLOW FEDERAL COURTS ORDERS" AT DKT 378 PAGES (19-20-21)

SEE# ABU DHABI COMMERCIAL BANK V. MORGAN STANLEY & CO. INC U.S.D.C./S.D.N.Y. SEPT. 2. 2009) 651 F. Supp. 2d 155 FED. SEC. L. REP. P. 95. 342 AT [18][19] [20] #173 →

"BREACH OF CONTRACT [21] [22] [23] 2- THIRD-PARTY BENEFICIARY NEW YORK LAW REQUIRES THAT PLAINTIFFS ALLEGING THAT THEY ARE THIRD PARTY BENICIARIES TO A CONTRACT "ESTABLISH THAT THE PARTIES TO THE CONTRACT INTENDED TO CONFER A BENEFIT ON THE THIRD-PARTY" 101 THE NEW YORK COURT OF APPEALS HAS DECLARED SECTION 302 OF THE RESTATEMENT (2d) OF CONTRACTS TO BE AN ACCURATE STATEMENT OF NEW YORK THIRD-PARTY BENEFICIARY LAW 102...

PLAINTIFFS ARGUEMENTS AS RELIEFS $1.000.000. ALSO PROOF OF PATTERNED OF DECEPTIVE ACTS & ALL PROGRAMS ARE SAME PRACTICES & GHOSTS PROGRAMS NO-body IN CLASS ROOM AT EVERY body GET PAYS IS UNLAWFUL & BREACH OF THE WARRANT AGREEMENTS TO SET FEDERAL FUNDS FOR SERVICE THEY NOT PROVIDED; IN ALL AREA OF PROGRAMS) SEE →

36) (SEE ATTACH)

UNDER BOTHS A.D.A. ; T.R.A & DEVELOP-
MENTAL DISABILITIES ACT 1978 ITs BEEN
15 YEARS & I CANT see M.D. OF OMH FOR
my MENTAL ILLNESS ONLY WHEN I TRY TO
KILL MY-SELF ; ADIRONDACK C.F. DONT HAVE
NO OMH DR. AS RELIEFS TRANSFERRED
TO HANDICAPP PRISON(S) IM PLACEMENT ON
MENTAL & PHYSICAL UNABLE TO PROGRAMS
LIKE SING-SING C.F. GET VAN SERVICE ONLY
MAX. WITH VAN FOR PRISONER WITH ALL MY
HANDICAPP ALSO OHM DR. OR FLAT PRISON(S)
SHAWANGUNK, C.F OR FIVE POINT C.F.
I CANT GO BACK TO EASTERN C.F. OR
SULLIVAN C, F. BOTHS ARE DEFENDANTS in
Z-CIVIL RIGHTs THE CLARKSON CLASS ACTION
IS 32 YEARS OLD WHY IS DOCCS KEEP BROKEN
A FEDERALS AGREEMENT & STATE OF N.Y.
PUBLIC HEALTH LAW HUMAN RIGHT LAW. →
PLAINTIFFS STILL DONT HAVE ACCOMMODATION
& R.R.U. PROGRAMS is FRAUD PROGRAM CAUSE
                    ITs DISCRIMINATION AGAINST
37)( SEE-ATTACH1

IS A FRAUD PRISONER DONT GET PAY FOR
IT's PLAINTIFFS ARGUE HE IS PARTY THIRD
MEMEBERS OF A CONTRACT THAT DOCCS MADE WITH
STATE OF NEW YORK & FEDERAL GOVERQIment
; I WILL BE BLOWER WHISTLE TO CONGRESS
E LEGISLATIVE, INTO I RECEIVED ALL OF my
VISION IMPAIRMENT ; DEAF ; HARD OF HEARING

INTO ALL CONTRACT ARE FOLLOW ; ENFORCEMENT
(24)
MOREOVER, AS THE SECOND CIRCUIT RECOGNIZED IN
IQBAL v. HASTY, 490 F.3d 143, 170 (2d Cir. 2007)
PLAINTIFFS ALLEGATION THAT DEFENDANTS KNEW OF
AND DISREGARDED CONDITIONS POSING AN EXCESSIVE
RISK TO HIS HEALTH AND SAFETY, AND FAILED
TO TAKE ANY ACTION TO RECTIFY THOSE CONDITIONS)
ARE ALSO SUFFICIENT TO SATISFY THE STANDARD
FOR SUPERVISORY LIABRITY AT THE PLEADING STAGE.
AS THE COURT NOTED, "[T]HE PLAUSIBILITY →
STANDARD REQUIRES NO SUBSIDIARY FACTS AT THE
PLEADING STAGE TO SUPPORT AN ALLEGATION OF DEFENDANT
KNOWLEDGE BECAUSE IT IS AT LEAST PLAUSIBLE
THAT A WARDEN WOULD KNOW OF MISTREATMENTS →
INFLICTED BY THOSE UNDER HIS Command.
WHETHER SUCH KNOWLEDGE CAN BE PROVEN
MUST AWAIT FUTHER (PROCEEDINGS?)
38) SEE-ATTACH )    Id. THEREFINE. THIS COURT

I ALSO REJECT THE INDIVIDUAL DEFENDANTS
MOTION FOR A DISMISSAL AS PREMATURE SINCE
THE Amended COMPLAINT ADEQUATELY STATES A
CLAIM FOR SUPERVISORY liability AGAINST THEM.

ALSO PLAINTIFFS ARGUES I BEEN UNDER IMMINENT
DANGER FOR YEARS SEE EXHIBITS (A)(B)(C)(D)
PLAINTIFFS ARGUES UNDER IMMINENT DANGER.
MEET REQUIREMENTS OF ONGOING PRISON(S) CONDITIONS
OF BOTHS "MAGISTRATES ACT" & MCCARTHY OR SEE #
42 U.S.C.A § 1997(E) Suits by PRISONER AT (E)
LIMITATION ON RECOVERY "NO FEDERAL CIVIL ACTION
MAY BE BROUGHT BY A PRISONER CONFINED IN A JAIL,
PRISONS, OR OTHER CORRECTIONAL FACILITY, FOR MENTAL
OR EMOTIONAL INJURY SUFFERED WHILE IN CUSTODY
WITHOUT A PRIOR SHOWING OF PHYSICAL INJURY
OR THE COMMISSION OF A SEXUAL ACT (AS DEFINED
IN SECTION 2246 OF TITLE 18 : (F) HEARING (1)
TO THE EXTENT PRACTICABLE, IN ANY ACTION
BROUGHT WITH RESPECT TO PRISON CONDITIONS UN
FEDERAL COURT PURSUANT TO SECTION 1983 OF THIS
TITLE, OR ANY OTHER FEDERAL LAW, BY A PRISONERS
CONFINED IN ANY JAIL, PRISONS, OR OTHER
39) SEE ATTACH)

PROCEEDING IN WHICH THE PRISONER'S PARTICIPATION IS REQUIRED OR PERMITTED SHALL BE CONDUCTED by TELEPHONE, $ VIDEO-CONFERENCE, OR OTHER TELECOMMUNICATION → TECHNOLOGY WITHOUT REMOVING THE PRISONER FROM THE FACILITY IN WHICH THE PRISONER IS CONFINED.

(2) SUBJECT TO THE AGREEMENT OF THE OFFICIAL OF THE FEDERAL, STATE, OR LOCAL UNIT OF GOVERNMENT WITH CUSTODY OVER THE PRISONER, HEARINGS MAY BE CONDUCTED AT THE FACILITY IN WHICH THE PRISONER IS CONFINED. TO THE EXTENT → PRACTICABLE, THE COURT SHALL ALLOW COUNSEL TO PARTICIPATE by TELEPHONE, VIDEO-CONFERENCE, OR OTHER COMMUNICATIONS TECHNOLOGY IN ANY HEARING HELD AT THE FACILITY. (C) WAIVER OF REPLY (H) "PRISONER" DEFINED AS USED IN THIS SECTION, THE TERM "PRISONER" MEANS ANY PERSON INCARCERATED OR DETAINED IN ANY FACILITY WHO IS ACCUSED OR CONVICTED OF, SENTENCED FOR, OR ADJUDICATED DELINQUENT FOR, VIOLATIONS OF CRIMINAL LAW OR THE TERMS AND CONDITION OF PAROLE, → PROBATION, PRETRIAL RELEASE OR DIVERSIONARY PROGRAMS. ALSO P-LAINTIFFS ARGUE THAT "THE SPECIAL CIRCUMSTANCES"

(YOU SEE ATTACH) SEE BLAND V. GOORD

380 F.3d. 670 (2d Cir. Aug. (8-2004)

UNDER IMMINENT DANGER ARE SPECIAL CIRCUMSTANCES" & Code 49 GRIEVANCES ARE FULLY EXHAUSTION WHICH IS SEXUAL ABUSES ASSAULTED ASSAULTED, HARRAMENT, RETALIATIONS ABUSE OF AUTHORITY SERIOUS UNPROFESSIONAL ALL Code 49 & THEY GO RIGHT TO WANDER OR O.S.I OR I G. & YOU'll NEVER GET A RESPOND BACK & PLAINTIFF. WAS TRANSFERRED, IN 4 YEARS TO 4-DIFFERENTS DOCCS PRISONS AND TO COVER UP ALL ABUSE AT ALL FOUR PRISONS, IT'S IN MY FEDERAL CASES I → REPORTED IT TO ALL OF MY JUDGES IN U.S.D.C. PLAINTIFFS INJURY ARE SEVERE ENOUGH TO SUPPORT A CLAIM FOR COMPENSATORY DAMAGES FOR PSYCHLOGICAL AND EMOTIONAL INJURY, IT'S ALSO BEARS NOTING THAT THE "PLRA" PHYSICAL INJURY REQUIREMENT DOES NOT BAR THIS LITIGATION FROM PROCEEDING. IT'S SIMPLY LIMITY THE AVAILABILITY OF ONE TYPE REQUIRE MASSL DAMAGES. AS THE SECOND CIRCUT HAS EXPLAINED. "16 TECAUSE SECTION 1997(E)(E) IS A LIMITATION ON RECOVERY OF DAMAGES FOR MENTAL AND EMOTIONAL INJURY IN THE ABSENCE OF A SHOWING OF PHYSICAL (INSEE-ATTACHD) INJURY, IT DOES NOT

COMPENSATORY DAMAGES FOR ACTUAL INJURY,
NOMINAL OR PUNITIVE DAMAGES, OR →
INJUNCTIVE OR DECLARATORY RELIEF" THOMPSON V.
CARTER, 284 F.3d 411, 416 (2d CIR. 2002). THIS IN
PLAINTIFF' CASE, HE COULD STILL SEEK DAMAGES FOR ACTUAL
INJURY, ~~~~~~ TO HIS FACE, JAW/ HAND
BACK WHOLE BACK'S HIP'y FEET INJURY & DENTAL FULL/
CARES & SUCH AS COSTS OF CORRECTIVE(S) SURGER-/s'
TO ADDRESS ALOT OF SCANNING ; DISFIGUREMEN(s).
AS ALREADY NOTED ABOVE PLAINTIFF WOULD ALSO STILL
BE ENTITLED TO NOMINAL DAMAGES by MERE
VIRTUE OF THE CONSTITUTIONAL VIOLATION. EITHER WAY,
PLAINTIFF IS ENTITLED TO HIS DAY IN COURT
AND THE DETERMINATION OF WHAT SORT OF
RELIEF HE SHOULD BE AWARDED IS PREMATURE ON
A MOTION TO DISMISS & RAISES ISSUES OF FACT
WHICH ARE PROPERLY RESERVED FOR A JURY.

CONCLUSION

FOR ALL OF THE FOREGOING REASON PLAINTIFF.
RE SPECTFULLY REQUESTS THAT THIS COURT ISSUE.
AN ORDER DENYING DEFENDANT MOTION TO DISMISS
AND ORDERING DISCOVERY TO
42) (SEE ATTACH) PROCESS, IN THIS ACTION.

CERTIFICATE OF SERVICE

I CERTIFY THAT ON JULY. 17. 22, FILED THE FOREGOING
DECLARATION OF BEHALF MY-SELF PRO-SEA MOTIONS & EXHIBITS A)B)C)
WITH DOCCS R. R. U STAFFS / S. H. U. MAIL SYSTEM, WHICH SENT
PART 2 OF MY-RESPONSE) TO SUCH FILING TO THE FOLLOWING:

ALSO, I HEREBY CERTIFY THAT I HAVE MAILD, BY THE
UNITED STATES POSTAL SERVICE, A-COPY) OF THE DOCUMENTS
TO THE FOLLOWING PARTICIPANTS, / ALSO I DON'T HAVE ACCESS
TO MAKE COPY OF MOTIONS FOR MY SELF CAUSE OF C.O (D)S
E. D, BROWN GRIEVANCE ADK. 0057-22

(1) TO # PROSE # CHIEF DEPUTY CLERK D. R. MCALLSTER#
JAMES M. HANLEY FEDERAL BUILDING P.O. BOX - 7367
100. S. CLINTON. ST SYRACUSE. N. Y 13621 - 7367

(2) STATE OF NEW YORK
ASSISTANT ATTORNEY GENERAL
JONATHAN S. RÖUER

THE CAPITAL
ALBANY. N.Y. 12224 #

C. C.
MR. KEVIN D. CREALOUP
08 A 3 SII / SHU-8 CELL
ADIRONDACK. C.F. P.O. BOX. 110
RAY. BROOK. N.Y. 12977 - 0110

4/3)